UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI V. MEIVES, | ) |
|     Plaintiff, | ) |
|     v. | ) No. 1:18-cv-00064-SEB-TAB |
| | ) |
| WHELAN & ASSOCIATES, INC., | ) |
| ROSINKO EXPRESS, LLC, | ) |
|     Defendants. | ) |

**ORDER ON DISCOVERY DISPUTE**

**I.  Introduction**

At issue is whether Federal Rule of Civil Procedure 26(b)(3)—i.e. the work product doctrine—protects text messages sent between Defendants' principal agents, even though the messages were not created by or at the direction of Defendants' attorney. The Court held a telephonic status conference on August 13, 2018, regarding this issue. Following the conference, the parties submitted letter briefs, and Defendants filed the disputed text messages under seal for the Court to review *in camera*. [Filing No. 27.] In light of the parties' arguments and the Court's review of the text messages, the Court finds the texts are not protected by the work product doctrine and must be produced within seven days of this order.[1]

The texts at issue are between John Whelan (president of Defendant Whelan & Associates, Inc.) and Richard Rosinko (principal of Defendant Rosinko Express, LLC). Whelan and Rosinko sent the disputed texts between December 22 and 29 in 2017.[2] That time frame is

---

[1] Defendants also note that some of the texts may also be protected by the attorney-client privilege and reserve their right to assert it. The parties did not make arguments concerning whether that privilege applies in this dispute. However, the Court has reviewed the texts and finds no basis for protection under the attorney-client privilege.

[2] Two other texts were sent on December 21, 2017, but the parties agree that they are not privileged, and Defendants have produced them.

significant because Whelan and Rosinko received Plaintiff Brandi Meives' settlement letter on December 22.

## II. Discussion

Parties are generally entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Still, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, or agent)." Fed. R. Civ. P. 26(b)(3)(A) (codifying the work product doctrine).

The work product doctrine serves two purposes: "(1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010). And the reason work product is protected is because "the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy, or . . . invite the jury to treat candid internal assessments of a party's legal vulnerability as admissions of guilt." *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006).

The burden of establishing work product protections rests on the asserting party. *Logan v. Com. Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). To establish that the work product doctrine applies, the asserting party must show "the document is primarily concerned with legal assistance." *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981). The document must have been "prepared or obtained *because* of the prospect of litigation." *Id*. at 976-77 (emphasis in original) (quoting *Binks Mfg. Co. v. Nat. Presto Indus., Inc.*, 709 F.2d 1109, 1119

(7th Cir. 1983)). The primary motivating purpose for the creation of the document must have been to aid in the expected litigation. *Binks*, 709 F.2d at 1119.

Meives argues that the texts are not protected by the work product doctrine because they were not created at the direction of Defendants' attorney. Meives cites *Sud-Chemie Inc. v. CSP Techs. Inc.*, 4:03-cv-00003-SEB-WGH (S.D. Ind. Feb. 17, 2006), ECF No. 479, in which the Court analyzed whether agents of a party represented by counsel can create work product. The Court reasoned:

> True preparations "in anticipation of litigation" ordinarily commence either by the party itself or by or at the direction of a lawyer. We do not think the Rule 26 language is properly read to extend work product immunity to documents created by agents of a party to the litigation in the absence of any attorney involvement. The lawyer's judgments dictate when steps are required to be taken in anticipation of litigation and what those steps should be. Other agents of a party may act out of general prudence or with watchful vigilance, but lawyers are entrusted with the task of anticipating and responding to litigation. Thus, lawyer's preparations for litigation are protected, as are the preparations made by the party, the party's agents, or the lawyer's agents at the lawyer's behest in anticipation of litigation. The central point of the rule recognizes that ordinarily it is the attorney who calls these shots. Rule 26 is not designed to protect ordinary conversations between co-workers or the recorded thoughts of company employees outside a litigation setting. To give the rule such a broad interpretation would lead to wide spread abuse of work product immunity as employees seek to link their prior communications and recorded impressions to subsequent litigation. Such protections cast the work product immunity net too broadly. We believe the sounder interpretation limits work product immunity to attorneys or to attorneys' direct agents acting in conjunction with attorneys in anticipation of litigation.

Order at 6-7, *Sud-Chemie*, 4:03-cv-00003-SEB-WGH (S.D. Ind. Feb. 17, 2006), ECF No. 479.

Meives also points to *Hamdan v. Ind. Univ. Health N., LLC*, No. 1:13-cv-00195-WTL-MJD, 2014 WL 2881551, at *5-6 (S.D. Ind. June 24, 2014), in which the court found that emails between the defendant's chief medical officer, chief nursing officer, and representatives from the plaintiff's department were not work product. The emails were not sent at the defendant's attorney's direction, but instead were business related, and there was "no discussion between the

3

attorneys and [the defendant] that would give [the plaintiff] undue access to attorney mental impressions or thought processes." *Id.*

Together, these cases show that when a party's agent creates the document at issue, the purposes of granting work product protection are unlikely to be implicated, and the potential for abuse is high. Therefore, documents created by a party's agent without attorney involvement ordinarily should not be granted work product protections, especially if they lack any risk of exposing the kind of information that the work product doctrine is designed to protect. This is consistent with the Seventh Circuit's holding that "[c]ommunications from a client that neither reflect the lawyer's thinking nor are made for the purpose of eliciting the lawyer's professional advice or other legal assistance are not privileged." *U.S. v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999) (analyzing the scope of both the work product doctrine and the attorney-client privilege); *see also IBJ Whitehall Bank & Tr. Co. v. Cory & Assocs., Inc.*, CIV. A. 97 C 5827, 1999 WL 617842, at *4 (N.D. Ill. Aug. 12, 1999) (applying *Frederick* and finding party-created documents were not work product).

The cases Defendants cite for their argument that attorney involvement is unnecessary are not persuasive because neither case provides any analysis on that issue. Defendants cite *Logan v. Com. Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996), and *Eli Lilly & Co. v. Arch Ins. Co.*, 1:13-CV-01770-LJM-TAB, 2017 WL 3838689, at *3 (S.D. Ind. Sept. 1, 2017), *order clarified*, 1:13-CV-01770-LJM-TAB, 2017 WL 5054738 (S.D. Ind. Sept. 18, 2017). The issue in *Logan* was whether the documents were created in anticipation of litigation. *Logan*, 96 F.3d at 976. The Seventh Circuit did not address whether the defendant's attorney directed the documents to be created, let alone offer any analysis of the issue. *Id.* at 975-77. In *Eli Lilly*, the issue was whether the plaintiff had to produce certain documents that were reviewed in

preparation for a deposition. *Eli Lilly*, 2017 WL 3838689, at *3. Analyzing whether the documents were created at the attorney's direction is hardly necessary: the documents at issue were notes and summaries of notes that the plaintiff's senior advisor of risk management took during meetings with the plaintiff's attorney regarding the coverage dispute at issue. Redaction to Mem. in Supp. of Mot. to Compel, Ex. 1 at 19:1-16, 23:7-25, *Eli Lilly*, 1:13-CV-01770-LJM-TAB (S.D. Ind. Jul. 24, 2017), ECF No. 713.

Defendants next argue that even under *Sud-Chemie* and *Hamdan*, the texts are still protected because Whelan and Rosinko are Defendants' principal representatives. However, Whelan's and Rosinko's statuses as principal representatives of Defendants is not sufficient. As noted above, the individuals who sent the emails at issue in *Hamdan* had titles like chief medical officer and chief nursing officer, so they were also principal representatives of their respective party. *Hamdan*, 2014 WL 2881551, at *5. Thus, when no attorney is involved in creating the document, the mere fact that it was created by a principal agent of the party is not enough for work product protections to attach.

The concerns outlined in *Sud-Chemie* and *Hamdan* ring true here: that granting work product protection to documents created without attorney involvement would lead to parties attempting to withhold "ordinary conversations between co-workers" and business discussions with no relation to the attorney's mental impressions or thought processes regarding the litigation. None of the submitted texts are work product. Only two come close. In one, Rosinko notes that the call he is trying to schedule with Whelan was directed by Defendants' attorney, and he emphasizes that the call should be private due one of the topics. [Filing No. 27-1, at ECF pp 9-11.] Though arguably directed by Defendants' attorney, the text does not betray what the attorney told Rosinko to ask Whelan, nor does it primarily concern legal assistance. [*Id.*] In the

other text, Whelan offers some unsolicited general information about some emails and phone calls between himself and Meives. [*Id.* at ECF pp. 6-7.] However, given that Whelan had not yet spoken with Defendants' attorney about the case, it could not possibly reveal the attorney's thought processes or mental impressions. Further, nothing suggests Whelan created the text primarily to aid in the expected litigation.

The other texts are largely business related. Most of the other texts are short messages regarding scheduling a call around their business commitments. [*Id.* at ECF pp. 4-5, 8-13.] Some deal with whether Whelan and Rosinko had received a document or an update to that document, but the texts do not say what the document concerns. [*Id.* at ECF pp. 14-16.] The first few texts relate to when Rosinko and Whelan found out that Meives sent a settlement letter, but they likewise do not provide any details. [*Id.* at ECF pp. 2-3.] A couple of the texts clarify whether it is Rosinko Express Inc. or Rosinko Express, LLC. [*Id.* at ECF pp. 13-14.] And the final texts confirm that Meives' direct deposit was turned off, that Whelan changed a password, and ask to have Meives' login cut off. [*Id.* at 15-18.] Nothing in these texts gives Meives "the inside dope" on Defendants' strategy and their primary purposes do not justify protection under the work product doctrine.

### III. Conclusion

For the foregoing reasons, Defendants did not meet their burden of demonstrating that the texts at issue are protected from discovery. Therefore, Defendants must produce the texts within seven days of this order.

Date: 9/7/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record by email.

6